**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | 2:05cr370 |
| | ) | **Electronic Filing** |
| ROBERT DUANE BLEDSOE | ) | |

## MEMORANDUM AND ORDER OF COURT

On December 6, 2005, a grand jury returned a two count indictment against Robert Duane Bledsoe ("defendant") charging him with conspiring to distribute and possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846, and possessing with the intent to distribute less than 100 grams of heroin, in violation of 21 U.S.C. §§ 841(a) and 841 (b)(1)(C). Presently before the court are defendant's Motion to Preclude Certain Taped Statement Regarding the Source of Drugs (Doc. No. 37), Motion for Early Disclosure of All Jencks Material (Doc. No. 39), Motion to Compel Disclosure of Plea Bargains, Preferential Treatment, and Promises to Government Witnesses (Doc.No. 40), Motion to Exclude Tape Based upon Inaudibility (Doc. No. 41), Motion  Requesting Notice Pursuant to Rule 404 of the Federal Rules of Evidence (Doc. No. 44), and  Motion for Discovery (Doc. No. 45).[1]  The government has responded to the motions.  The parties disagree on a number of evidentiary matters.  In the area of discovery, the government  has indicated that  with only a modest number of exceptions it will voluntarily comply with defendant's discovery requests.  The parties' submissions raise issues regarding the timing of those disclosure. The areas discussed below address the areas of disagreement.

Defendant requests disclosure of any oral statements he made.  He also requests disclosure of any statements by alleged co-conspirators, any oral statements by a government witness that will be offered at trial, and a copy of the criminal record of each government

---

[1]Defendant's motions to suppress (Doc. No.s 42 & 47) were denied after a hearing held on October 2, 2006. See Docket Entry of October 3, 2006

witness. In response, the government indicates it has complied with Rule 16, acknowledges its obligations under Brady and represents that it will voluntarily produce all Jencks Act material three business days prior to trial. It also indicates it will produce any Higgs impeachment material with its Jencks Act disclosures. Beyond these disclosures, it objects to the above requests as being unauthorized forms of discovery.

To the extent defendant seeks a list of the government's witnesses or the disclosure of co-conspirators' statements that the government will proffer at trial, defendants' motion will be denied for a number of reasons. First, the government has acknowledged its obligations under Rule 16 and indicated its intent to comply with those obligations fully. Rule 16 was not designed to provide a defendant with a vehicle to discover the government's case in detail or the strategy it intends to pursue at trial. United States v. Fioravanti, 412 F.2d 407, 410 (3d Cir.), cert. denied, 396 U.S. 837 (1969). Nor is the rule designed to provide a defendant with verification that the use of anticipated evidence at trial by the defense is not vulnerable to attack by evidence within the government's possession. United States v. Randolph, 456 F.2d 132, 136 (3d Cir.), cert. denied, 408 U.S. 926 (1972). In fact, in sharp contrast with these propositions, the United States Court of Appeals for the Third Circuit has recognized that discovery in criminal cases is limited to those areas delineated in Rule 16, "with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." United States v. Ramos, 27 F.3d 65, 67-68 (3d Cir. 1994). As a general matter these other areas are limited to the Jencks Act and materials available pursuant to the so-called "Brady doctrine." Id. at 68.

Second, the government has no obligation to produce an outline of the evidence it will use at trial. A defendant is not entitled to conduct a wholesale review of the government's investigation. See Weatherford v. Bursey, 429 U.S. 545, 559 (1977) (there is no general constitutional right to discovery in a criminal case). Nor is a defendant entitled to obtain a list of the government's witnesses through discovery. See United States v. DePasquale, 740 F.2d 1282,

2

1294 (3d Cir. 1984), cert. denied, 469 U.S. 1228 (1985).  Similarly, there is no authority to support a defendant's request for the specifics of each government witness' proposed testimony. See Fioravanti, 412 F.2d at 410 (a defendant has no right to discover the minutia of the government's evidence or the manner in which it will be used).  And even assuming arguendo that this court has some residual discretion to order the pretrial disclosure of the government's evidence in appropriate circumstances, the current record falls woefully short of presenting sufficient grounds to justify such an extraordinary measure.

Finally, "the statements of co-conspirators, whether indicted or not, are not available to the defendant under Rule 16." 8 J. Moore, Moore's Federal Practice, ¶ 16.04[1], 16-64.  Every circuit court to address the issue has held that such statements are not discoverable under Rule 16 and that disclosure of such statements is governed by the Jencks Act, regardless of whether the co-conspirator will be called as a witness.  See United States v. Tarantino, 846 F.2d 1384, 1418 ( D.C. Cir.), cert. denied, 488 U.S. 840 (1988); United States v. Roberts, 811 F.2d 257, 258 (4th Cir. 1987) (en banc); United States v. Diaz, 834 F.2d 287 (2d Cir. 1987), cert. denied, 488 U.S. 817 (1988).   These courts have reasoned that disclosure of such statements is governed by the Jencks Act because the government must present some witness who will testify to the unavailable co-conspirator's statements.  Accordingly, to the extent the defendant requests pretrial disclosure of the actual co-conspirator statements through the identification of statements, records or information, the requests must be denied.

Another area remaining in dispute concerns the potential disclosure of impeachment material.  As a general matter, a defendant's requests for impeachment material such as the criminal records of and promises or inducements made to prospective government witnesses raise issues under Brady and the Jencks Act.[2]  In Brady v. Maryland, 373 U.S. 83 (1963), the

---

[2]The Jencks Act provides that any statement or report made by a government witness which relates to the subject matter of the witness' testimony must be disclosed after the witness has testified under direct examination.  See 18 U.S.C. § 3500 (b).  The government has not indicated when it intends to make its Jencks Act disclosures, but the government's customary practice in

Supreme Court held that due process requires the disclosure of "evidence favorable to an accused upon request . . . where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Id. at 87. The Supreme Court subsequently held that evidence which may be used to impeach the testimony of a government witness falls within the ambit of Brady when the credibility of the witness may have an effect on the jury's determination of guilt or innocence. See Giglio v. United States, 405 U.S. 150, 154 (1972; see also United States v. Starusko, 729 F.2d 256, 260 (3d Cir. 1984); United States v. Ramos, 27 F.3d 65, 68 (3d Cir. 1994) (Brady material includes "materials that might affect the jury's judgment of the credibility of a crucial prosecution witness") (quoting United States v. Hill, 976 F.2d 132, 134-35 (3d Cir. 1992)). In United States v. Agurs, 427 U.S. 97, 107 (1976), the Supreme Court modified the Brady rule to require the government to disclose exculpatory evidence even when the defendant has not requested the information. Id. at 107; see also United States v. Perdomo, 929 F.2d 967, 970 (3d Cir. 1991).

The so-called Brady doctrine generally is understood as a rule of minimum fairness. United States v. Higgs, 713 F.2d 39, 42 (3d Cir. 1983), cert. denied, 464 U.S. 1048 (1984). It establishes a prosecutorial obligation rather than a general rule of pretrial discovery. The government thus has an obligation to produce favorable material bearing on a defendant's culpability or punishment as well as material bearing on the credibility of any witness who will be used to establish material matters at trial. This obligation is not to be used, however, to permit a defendant to obtain wholesale discovery of the government's principal case. See Higgs, 713 F.2d at 42; United States v. Bocra, 623 F.2d 281, 285 (3d Cir. 1980).

It is well-settled that the government's obligations under Brady require it to disclose actual exculpatory evidence without undue delay. Brady impeachment material ordinarily must be disclosed "in time for its effective use at trial." Higgs, 713 F.3d at 44; United States v. Blackwell, 954 F. Supp. 944, 968 (D.N.J. 1997). A district court has general discretionary

---

this district is to make such disclosures at least a few days before trial.

authority to order the pretrial disclosure of Brady impeachment material and that discretion is to be exercised in a manner which "ensure[s] the effective administration of the criminal justice system." Government of Virgin Islands v. Martinez, 847 F.2d 125, 127 (3d Cir. 1988); Blackwell, 954 F. Supp. at 968. As to this material, the government requests leeway to turn such material over when it produces its Jencks Act material, which it indicates it will do five days prior to trial.

While the court recognized in Higgs that a defendant's due process rights to a fair trial are not violated where the disclosure of Brady impeachment material occurs in time to be used effectively, subsequent cases by the Third Circuit have reiterated and encouraged adherence to the long-standing policy of promoting the early production of all types of Brady material, including impeachment and so-called Higgs materials. See Starusko, 729 F.2d at 261 (citing United States ex rel. Marzeno v. Gengler, 574 F.2d 730, 739 (3d Cir. 1978); United States v. Kaplan, 554 F.2d 577, 578 (3d Cir. 1977)); see also United States v. Giampa, 904 F. Supp. 235, 281 (D.N.J. 1995); Blackwell, 954 F. Supp. at 968. While the government's production of Higgs-type impeachment material may well overlap with its production under the Jencks Act and provide defendant with advance notice of certain witnesses the government intends to use at trial, the court notes that after disclosure is made defense counsel can more fully advise his client regarding the appropriate development of the case, including consideration of any plea agreement offered by the government. In light of all of the circumstances, the government is encouraged to disclose all such material without further delay, and in any event it will be ordered to produce all Brady impeachment material no later than five business days prior to trial.[3]

---

[3]Of course, this ruling has no bearing on the government's disclosure of information that falls solely under the Jencks Act. It is well-settled that the plain language of the Jencks Act precludes a court from compelling the disclosure of Jencks Act material prior to the completion of a government witness' testimony on direct examination. See United States v. Hill, 976 F.2d 132, 140 (3d Cir. 1992); United States v. Murphy, 569 F.2d 771, 773 (3d Cir.), cert. denied, 435 U.S. 955 (1978). Although courts lack the authority to order the early disclosure of Jencks material, the Third Circuit nevertheless has endorsed the prevailing practice of the government to disclose Jencks material prior to trial. See Murphy, 569 F.2d at 773; Hill, 976 F.2d at 140. The

Defendant also requests timely notice of any prior bad acts the government intends to introduce pursuant to Rule 404(b). The government indicates it has not yet identified the specific prior bad acts that it will seek to introduce into evidence. It has provided defendant with a copy of his criminal record and placed him on notice that such records will be used under Rule 609 in the event he elects to testify. It further represents that it will disclose all Rule 404(b) evidence at least two weeks prior to trial.

The government is required to give notice of its intention to use Fed. R. Evid. 404(b) evidence prior to trial. Rule 404(b) specifically provides "that upon request by the accused the prosecution in a criminal case shall provide reasonable notice in advance of trial . . . of the general nature of any evidence it intends to introduce at trial."

The rule requires only the disclosure of the general nature of the evidence the government intends to introduce. A demand for specific evidentiary detail, such as dates, times, places and persons involved is overly broad. See United States v. Alex, 791 F. Supp. 723 (N.D. Ill. 1992). Thus the disclosure of "the general nature" of such evidence is that which is sufficient to put a defendant on notice as to which of his or her past episodes of conduct may be used by the government at trial.

What constitutes "reasonable notice in advance of trial" is determined by the circumstances and complexity of the prosecution. In Alex, the court ordered disclosure of Rule 404(b) evidence seven days prior to trial. In contrast, the court in United States v. Williams, 792 F. Supp. 1120, 1133 (S.D. Ind. 1992), noted generally that disclosure within ten days prior to trial constitutes reasonable advanced notice. Similarly, in United States v. Evangelista, 813 F. Supp. 294, 302 (D.N.J. 1993), the court ruled that disclosure ten business days prior to trial is sufficient notice. Several courts of appeals have upheld similar rulings. See United States v. Kern, 12 F.3d 122, 124 (8th Cir. 1993) (fourteen day notice held reasonable under Rule 404(b)); United States v.

---

government is encouraged to follow its customary practice in this jurisdiction and disclose all remaining Jencks material at least three business days prior to trial.

Perez-Tosta, 36 F.3d 1552, 1560-63 (11th Cir. 1994), cert. denied, 515 U.S. 1145 (1995) (six business days deemed adequate); United States v. French, 974 F.2d 687, 694-95 (6th Cir. 1992) (one week notice in narcotics prosecution upheld as valid exercise of discretion).

Here, the rule provides defendant with the right to formal notice of all potential Rule 404(b) evidence which the government intends to introduce at trial. Accordingly, the court will grant the defendant's Rule 404(b) motion and direct the government to provide the required general notice no later than ten business days prior to trial.

Defendant moves to preclude the government's use of a statement made on October 4, 2005, by the seller of heroin to a confidential informant ("CI"). The CI asked the target if the heroin was good. The target responded in the affirmative and bolstered the response by stating: "it's Blip's." Defendant was known in the street by his nickname, Blip. Defendant objects to any use of this statement on the ground that the transaction reflected at best a "buyer-seller" relationship and in any event the transaction was not part of any conspiracy between defendant and the seller, who subsequently became a cooperating defendant. In addition, the statement purportedly could not have been made in the course of or furtherance of the charged conspiracy and there simply is no indicia of reliability surrounding the context in which it was made.

The government acknowledges that a mere buyer-seller relationship is insufficient to establish a conspiracy and, in the event it is only able to prove at trial that the seller and defendant merely engaged in occasional sale and purchase transactions, without more, it will have failed to establish an evidentiary basis to support the charged conspiracy. In that event the statement would not be admissible. The government contends, however, that it will be able to meet the requirements for admissibility under Rule 801(d) (2) (E) of the Federal Rules of Evidence.

"An occasional supplier 'and by implication an occasional buyer for redistribution' can be shown to be a member of the conspiracy by evidence, direct or inferential, of knowledge that she or he was part of a larger operation." United States v. Gibbs, 190 F.3d 188, 198 (3d Cir. 1999)

7

(quoting <u>United States v. Price</u>, 13 F.3d 711, 728 (3d Cir. 1994)). Knowledge of that understanding can be established by a defendant's agreement to process drugs, collect money or launder proceeds. Relevant factors include the length of affiliation between the defendant and known members of the conspiracy, established patterns of operation such as methods of payments or manners of delivery, and whether there is a demonstrated level of mutual trust between the defendant and members of the conspiracy. <u>Id</u>. at 199.

Moreover, a statement is admissible pursuant to Federal Rules of Evidence 801(d) (2) (E) where the government establishes by a preponderance of the evidence that a conspiracy existed, the declarant and opposing party where members of the agreement and the statement was made during the course and in furtherance of the agreement. <u>Bourjaily v. United States</u>, 483 U.S. 171 (1978); <u>United States v. Hendricks</u>, 395 F.3d 173, 183-84 (3d Cir. 2005) (concluding that co-conspirator statements are "non-testimonial" in nature and are admissible, assuming the standard requirements for admissibility under Rule 801(d) (2) (E) have been satisfied); <u>United States v. Drozdowski</u>, 313 F.3d 819, 824 n. 3 (3d Cir. 2002) (citing <u>United States v. McGlory</u>, 968 F.2d 309, 333 (3d Cir. 1992)). The government is required to establish each of these requirements by a preponderance of the evidence. <u>Drozdowski</u>, 313 F.3d at 824 n. 3.

There is no authority for holding a separate hearing on the admissibility of co-conspirators' statements. <u>See</u> <u>United States v. Ammar</u>, 714 F.2d 238, 246-47 (3d Cir. 1983). To the contrary, "the control of the order of proof at trial is a matter committed to the discretion of the trial judge," <u>United States v. Gambino</u>, 926 F.2d 1355, <u>cert</u>. <u>denied</u>, 501 U.S. 1206 (1991), and it is well-settled that a pretrial ruling or Rule 401 hearing need not be conducted in every case where the government seeks to introduce co-conspirator statements against a defendant. <u>Ammar</u>, 714 F.2d at 247. The government represents that it has sufficient evidence to establish at trial that the declarant and defendant were co-conspirators and the statement was made in the course of and in furtherance of the conspiratorial agreement. In the alternative, the government will seek to use the statement as a prior consistent statement to the extent defendant attempts to

8

discredit the declarant's testimony on the theory of recent fabrication or improper influence or motive. Because definitive assessments of the evidentiary matters raised cannot be made until the record is properly developed at trial, defendant's pretrial motion to exclude this statement will be denied without prejudice to renew, if appropriate, at the time during the trial when any such statement is about to be proffered.

Finally, defendant moves to exclude an audio recording of October 4, 2005, between the confidential informant and the cooperating defendant due to inaudibility. The government has indicated it does not intend to introduce the recording into evidence. Accordingly, defendant's motion to exclude will be denied as moot.

In light of the above, the following order is appropriate.

## ORDER OF COURT

AND NOW, this **30** day of October, 2006, for the reasons set forth in the above memorandum, IT IS ORDERED as follows:

1) defendant's motion requesting notice pursuant to Rule 404 of the Federal Rules of Evidence (Doc. No. 44) be, and the same hereby is, granted in part. Consistent with the rulings set forth in the memorandum above, the government shall provide written notice of the general nature of any prior acts of misconduct governed by Rule 404(b) which it intends to offer at least ten business days prior to trial. The motion is denied in all other aspects; and

2) defendant's motion to compel disclosure of plea bargains, preferential treatment, and promises to government witnesses (Doc. No. 40) and motion for discovery (Doc. No. 45) be, and the same hereby are, granted in part. The government shall:

    a)    Abide by and comply with the representations in its response to the motions in a timely manner;

    b)    Produce all Rule 16 and <u>Brady</u> exculpatory material forthwith;

    c)    Produce all <u>Brady</u> impeachment material no later than five

business days prior to trial; and

d)      The government is encouraged to disclose its Jencks Act material at least a few business days prior to trial;

The motions are denied in all other aspects;

3) defendant's motion for early disclosure of all Jencks Act material (Doc. No. 39) be, and the same hereby is, denied;

4) defendant's motion to preclude certain taped statement regarding the source of drugs (Doc. No. 37) be, and the same hereby is, denied. This ruling is without prejudice to challenge the government's foundational bases for introducing that statement at the appropriate juncture during trial; and

5) defendant's motion to exclude tape based on inaudibility (Doc. No. 41) be, and the same hereby is, denied as moot.



David Stewart Cercone
United States District Judge

cc:     Troy Rivetti, AUSA
        Paul D. Boas, Esquire