IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA   )
                           )    2:05cr370
       v.                  )    (2:10cv1252)
                           )    **Electronic Filing**
ROBERT DUANE BLEDSOE       )

## OPINION

On September 21, 2010, Robert Duane Bledsoe ("Petitioner") filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside or correct his sentence. For the reasons set forth below, the motion will be denied as untimely.

On December 6, 2005, an indictment was returned charging petitioner with two counts: 1) conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin and 2) possession with intent to distribute heroin. On February 27, 2007, petitioner pled guilty to count one and count two was dismissed after imposition of sentence.

Petitioner's presentence report categorized him as a career offender.[1] Petitioner's previous conviction for reckless endangerment contributed to this classification.[2] Because

---

[1] To be classified as a career offender under section 4B1.1 of Chapter Four of the United States Sentencing Guidelines, among other things a defendant has to have at least two prior convictions for either a "crime of violence" or a controlled substance offense. Section 4B1.2(a)(ii) defines a crime of violence as "any offense…punishable by imprisonment for a term exceeding one year, that . . . is burglary of a dwelling, arson, or extortion, involves use of explosives . . . or involves conduct that presents a serious potential risk of physical injury to another."

[2] Before the Supreme Court's decisions in <u>Begay v. United States</u>, 553 U.S. 137 (2008) and <u>Chambers v. United States</u>, 555 U.S. 122 (2009) reckless endangerment of another person was recognized as a crime of violence under § 4B1.2 pursuant to controlling precedent by the United States Court of Appeals for the Third Circuit. In <u>Begay</u>, the Court held that under the analogous definition of a violent felony under the Armed Career Criminal Act a predicate offense must either be an enumerated offense or "(1) present a serious potential risk of physical injury and (2) be 'roughly similar, in kind as well as degree of risk posed, to the examples [burglary, arson,

petitioner was found to be a career offender, his offense level was adjusted from 23 to 31 and his criminal history level was raised from IV to VI. Accordingly, his advisory guideline sentencing range was 188 to 235 months. On June 11, 2007, petitioner was sentenced to 100 months incarceration.[3] Neither petitioner nor his counsel filed an appeal from the sentence.

On September 21, 2010, petitioner filed the instant motion and amended in on April 26, 2011. In his original motion petitioner argues that following the Court's decision in Begay, the Third Circuit, on July 14, 2010, in United States v. Lee, 612 F.3d 170 (3d Cir. 2010), determined that reckless or negligent crimes do not fit within the definition of a "crime of violence." Petitioner then posits that the Third Circuit's opinion should be the benchmark from which to measure the timeliness of his motion because it closed the question, in petitioner's favor, as to whether he should have been classified as a career offender. In his amendment he further contends that 1) counsel was ineffective and 2) that the sentenced he received demonstrated that the government breached the plea agreement.

The government maintains that petitioner is barred by the one year statute of limitations. In support it argues that Begay and Chambers created the rule that reckless conduct is not sufficient to satisfy the guideline definition of a crime of violence. The government contends that Lee is inapposite to the timeliness of petitioner's motion as it merely applied Supreme Court

---

extortion, or use of explosives] themselves.'" United States v. Johnson, 587 F.3d 203, 208 (3d Cir. 2009) (quoting United States v. Polk, 577 F.3d 515, 518 (3d Cir.2009) (emphasis and alteration in original); accord Begay v. United States, 553 U.S. 137, 143 (2008). A crime is similar in kind to one of the enumerated examples if it "typically involve[s] purposeful, violent, and aggressive conduct." Id. (quoting Begay, 553 U.S. at 144-45). "If the crime of conviction is materially different in terms of these characteristics, it does not come within the residua[l] clause." Id. (quoting United States v. Hopkins, 577 F.3 507, 514 (3d Cir. 2009) (internal quotation marks omitted).
[3] The court departed from the guideline range pursuant to § 4B1.3(b) because petitioner's criminal history category significantly over-represented the seriousness of his past criminal conduct and the likelihood that he would commit future crimes.

2

precedent. As a result, the statute of limitations began to run when the Supreme Court decided Begay and then Chambers. The government also argues that 1) petitioner waived his right to file a Section 2255 motion, 2) the government did not breach the plea agreement and 3) an evidentiary hearing would be needed to determine if counsel was ineffective.

Petitioner's argument pertaining to the limitations period is misplaced and his motion is untimely. A one year statute of limitations applies to motions under section 2255. "The limitation period shall run from the latest of –

1) The date on which the judgment of conviction becomes final;

2) The date on which the impediment to making a motion created by the governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

28 USC § 2255(f)(1-4).

A defendant's judgment of conviction becomes final on one of two dates. Kapral v. U.S., 166 F.3d 565 (3d Cir. 1999). If the defendant files an appeal or a petition for certiorari, his judgment becomes final when the appeal/petition is either granted and adjudicated or denied. 166 F.3d at 570. If the defendant does not file an appeal/petition for certiorari, his judgment becomes final when the period for doing so expires. Id.

Here, petitioner was sentenced on June 11, 2007. He had fourteen days to appeal and failed to do so. Thus, petitioner's judgment became final on June 26, 2007, and under 28 USC § 2255(f)(1) he had until June 26, 2008, to file his motion. Petitioner's filing on September 21, 2010, was approximately 26 months too late.

Notwithstanding the untimeliness of petitioner's motion as measured from the date of his conviction, petitioner can collaterally attack his sentence if the Supreme Court recognized a new right thereafter.[4] 28 USC § 2255(f)(3). Under 28 USC § 2255(f)(3) a defendant has one year from the date the Supreme Court initially recognizes a new right to file a habeas petition asserting that right. Dodd v. United States, 545 U.S. 353, 357 (2005). The right need not be recognized as retroactively applicable for the limitations period to begin to run. 545 U.S. at 357-59. Instead, the new right need only be recognized and the time begins to run at that juncture. Id.

In 2008, the Court in Begay determined that a crime must be sufficiently analogous to the enumerated crime of violence to fall within the residual clause. Begay, 553 U.S. at 144-45. The Court declined to classify felony DUI as a "violent felony" under the ACCA because it was a crime of negligence or recklessness rather than one of violence or aggression. Begay, 553 U.S. at 145 ("[S]tatutes that forbid driving under the influence…typically do not insist on purposeful, violent and aggressive conduct; rather, they… [criminalize] conduct in respect to which the offender need not have had any criminal intent at all."). Less than a year later the Court reaffirmed the Begay decision in Chambers, holding that failure to report to prison is not a violent felony because it "amounts to a form of inaction, a far cry from the purposeful, violent

---

[4] The discussion below does not decide whether the Supreme Court's decisions in Begay and Chambers are retroactively applicable on collateral review. Instead, it focuses on when the statute of limitations would have begun to run assuming that any rights in those cases were newly recognized and retroactively applicable on collateral review.

4

and aggressive conduct" typically associated with an enumerated predicate offense. Chambers, 555 U.S. at 128-29.

In Lee, the Third Circuit recognized the distinction drawn by the Court between "crimes involving negligence or recklessness from those involving violence or aggression." Lee, 612 F.3d at 196. The pronouncement in Lee that "a conviction for mere recklessness cannot constitute a crime of violence" is only an application of Supreme Court precedent. Id. Thus, it was not the Third Circuit that resolved the question concerning petitioner's career offender status, it was the Supreme Court. Accordingly, the limitations period began to run at earliest when Begay was decided on April 16, 2008, and at latest when Chambers was decided on January 13, 2009.

Petitioner filed his section 2255 motion on September 21, 2010, which was 29 months after Begay and 20 months after Chambers. Thus, petitioner was untimely in collaterally attacking his sentence. Accordingly, his motion is not the proper vehicle for challenging his sentence and it will be denied.[5]

Local Appellate Rule 22 of the United States Court of Appeals for the Third Circuit directs that when a final order denying a motion under § 2255 is entered a determination of whether a certificate of appealability should issue also must be made. The issuance of a certificate of appealability is "the primary means of separating meritorious from frivolous appeals." Barefoot v. Estelle, 463 U.S. 880, 893 (1983) (setting forth standards for certificate of probable cause). Congress has now mandated that " a certificate of appealability may issue ...

---

[5] Even if the Third Circuit's determination was an independent judgment that must be considered separately from the prior Supreme Court precedent, petitioner still would be unable to obtain relief pursuant to § 2255 because section § 2254(f)(3) expressly requires that the asserted right be newly recognized by the "Supreme Court". Thus, any new right recognized by a lower court would be of no consequence to the limitations period.

only if the applicant has made a substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  As the foregoing makes clear, petitioner's § 2255 motion cannot be considered on its merits and therefore it does not identify any basis which can support a substantial showing that a denial of a constitutional or federal right adversely affected his sentence.  See Santana v. United States, 98 F.3d 752, 757 (3d Cir. 1996) (discussing standards governing certificates of appealability).  Accordingly, the incorporated request for a certificate of appealability also must be denied.

Date: September 24, 2013

s David Stewart Cercone
David Stewart Cercone
United States District Judge

cc:     Troy Rivetti, AUSA

    (*Via CM/ECF Electronic Mail*)

    Robert Duane Bledsoe
    Reg. #08720-068
    FCI Loretto
    P. O. Box 1000
    Loretto, PA  15940

    (*Via First Class Mail*)